UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>ALEX BORRERO | No. 3:18-cr-103 (SRU) |

**RULING ON MOTION FOR SENTENCE REDUCTION**

Alex Borrero, currently incarcerated in FCI Miami, filed a motion for immediate release pursuant to the First Step Act.  Borrero principally argues that the COVID-19 pandemic—together with his underlying medical conditions, age, and the spread of COVID-19 within the facility—constitute "extraordinary and compelling reasons" warranting a sentence reduction to time served under 18 U.S.C. § 3582(c)(1)(A)(i).

The government opposes the motion on the grounds that:  (1) Borrero has not sufficiently demonstrated that his medical history and age rise to the level of "extraordinary and compelling" circumstances justifying release; and (2) the factors set forth in 18 U.S.C. § 3553(a) counsel against release in any event.

For the reasons that follow, I agree with the government that Borrero has not carried his burden of proving that a sentence reduction is appropriate.  Borrero's motion (doc. no. 85) is therefore **denied**.

**I.      Background**

On May 15, 2018, Borrero waived indictment and pled guilty to one count of possession with intent to distribute and distribution of heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  *See* Doc. Nos. 43, 45.  On June 11, 2019, I sentenced Borrero to 84 months of imprisonment, to be followed by a supervised release term of 6 years.  *See* Doc. Nos.

78, 79.  Borrero has been incarcerated since August 14, 2019; his projected release date is July 29, 2025.  *See* FEDERAL BUREAU OF PRISONS, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited February 2, 2021).

Borrero submitted a request for compassionate release to the Bureau of Prisons ("BOP") on July 2, 2020, which was denied.  *See* Mot. for Release, Doc. No. 85, at 2, 9–15.  Borrero, through counsel, then filed a motion for release in this court on November 24, 2020.  *See* Mot. for Release, Doc. No. 85.  The government submitted an opposition on January 15, 2021.  *See* Opp. to Mot. for Release, Doc. No. 92.

**II.   Standard of Review**

The compassionate release statute, 18 U.S.C. § 3582, as amended by the First Step Act ("FSA") of 2018, authorizes sentencing courts to reduce a term of imprisonment if, after considering the applicable factors set forth in section 3553(a), it concludes that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The defendant bears the burden of proving that he or she is entitled to a sentence reduction.  *United States v. Morales*, 2020 WL 2097630, at *2 (D. Conn. May 1, 2020) (internal citations omitted).

Unlike prior versions of the statute, which vested the exclusive authority to bring a motion for compassionate release with the Director of the BOP, section 3582(c)(1)(A) now permits imprisoned individuals to petition the courts for sentence reductions, even if the BOP opposes the request.  *See United States v. Brooker*, 976 F.3d 228, 231–33 (2d Cir. 2020).  The statute specifically instructs that a court may reduce a sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted

2

all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1]  18 U.S.C. § 3582(c)(1)(A).

As the Second Circuit recently announced in *Brooker*, district courts evaluating First Step Act motions brought directly by defendants are therefore not bound by U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13, which addresses only motions for relief brought by the Director of the BOP.  *See Brooker*, 976 F.3d at 230, 235–37 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").  Instead, the *Brooker* Court concluded, the First Step Act authorizes courts to "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them." *Id*. at 237.

### III. Discussion

Since the outbreak of the COVID-19 pandemic, courts within this circuit and across the country have concluded that "extraordinary and compelling" circumstances exist when an incarcerated defendant suffers from health conditions that make him particularly susceptible to serious complications should he contract COVID-19.  *See, e.g.*, *United States v. Colvin*, 451 F. Supp. 3d 237, 241 (D. Conn. 2020) (holding that extraordinary and compelling reasons justified immediate release under section 3582(c)(1)(A) because the defendant suffered from "diabetes, a serious medical condition which substantially increases her risk of severe illness if she contracts COVID-19") (internal quotation marks, citations, and alteration omitted).

---

[1] The government does not dispute that Borrero exhausted his administrative remedies.  *See* Opp. to Mot. for Release, Doc. No. 92, at 6 ("[It] appears that the defendant has sufficiently exhausted his administrative rights.").

In his motion, Borrero contends that he suffers from chronic pancreatitis, high blood pressure, hypertension, bipolar disorder, post-traumatic stress disorder, convulsions, anxiety, depression, and insomnia. *See* Mot. for Release, Doc. No. 85, at 4. The Centers for Disease Control and Prevention ("CDC"), however, does not recognize most of those conditions— namely, chronic pancreatitis, bipolar disorder, post-traumatic stress disorder, convulsions, anxiety, depression, or insomnia— as comorbidities that elevate one's risk of severe illness from COVID-19. *See* CENTERS FOR DISEASE CONTROL AND PREVENTION, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited Feb. 2, 2021). Also of note, Borrero has not filed documentation corroborating the existence of several of those alleged ailments. The words "convulsions" or "insomnia," for instance, do not appear in the medical records submitted by the government or in the pre-sentence report.

The medical records, however, do confirm that Borrero suffers from hypertension, *see, e.g.*, doc. no. 93-1, at 1–2, 77, doc. no. 93-2, at 2, 4, and the CDC recognizes hypertension as a condition that might heighten one's risk of serious complications from COVID-19, *see* CENTERS FOR DISEASE CONTROL AND PREVENTION, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited Feb. 2, 2021). In light of that guidance, district courts in this circuit have held that hypertension may constitute an extraordinary and compelling reason meriting release. *See United States v. Hancock*, 2021 WL 71451, at *5 (D. Conn. Jan. 8, 2021) (collecting cases).

Borrero also points to his age of 52 and the existence of COVID-19 infections among prisoners and staff at FCI Miami as factors warranting release. *See* Mot. for Release, Doc. No. 85, at 3–5. According to the CDC, the "risk for severe illness from COVID-19 increases

4

with age," with those aged 85 or older at greatest risk.  CENTERS FOR DISEASE CONTROL AND PREVENTION, *Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Feb. 2, 2021).  As relevant to Borrero, the CDC instructs that people aged 50 to 64 are four times more likely to require hospitalization and thirty times more likely to die from complications due to COVID-19. *See id.*; *but see United States v. Hidalgo,* 462 F. Supp. 3d 470, 473 (S.D.N.Y. 2020) ("The defendant's age of 54 is not, in and of itself, an extraordinary and compelling reason because the defendant's age does not place the defendant into a particularly vulnerable category for the COVID-19 virus.").

Although Borrero's age and hypertension, together with the spread of COVID-19 at FCI Miami, might collectively establish extraordinary and compelling reasons justifying release, I need not resolve the question because the factors set forth in 18 U.S.C. § 3553(a) counsel against a sentence reduction at any rate.  Under section 3553(a), I must impose a sentence that is sufficient, but not greater than necessary, to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public from further crimes of the defendant, and (4) provide the defendant with training, medical care, and other treatment in the most effective manner.  18 U.S.C. § 3553(a)(2).  I must also weigh other factors, including the nature and circumstances of the offense and the history and characteristics of the defendant.  *See id.* § 3553(a)(1).

After considering the relevant factors, I conclude that a sentence of time served would not be sufficient to comport with the goals of sentencing.  Borrero committed a serious crime; he was the source of fentanyl from which one victim died from an overdose and was a regular source for another victim who also died from an overdose.  *See* PSR, Doc. No. 77, at ¶ 8.  Borrero, further, committed the instant crime while on supervised release, in support court,

5

and reportedly clean; the drugs sales were therefore not driven by his own addiction. *See id.* at ¶¶ 22–24, 65. Having accumulated ten felony convictions prior to the underlying offense, Borrero also has a lengthy criminal history. *See id.* at ¶¶ 43–52, 94. Although Borrero did demonstrate progress while awaiting sentencing on home confinement, I already considered that fact in his favor at sentencing and nonetheless determined that a sentence of 84 months was necessary to achieve the purposes of sentencing. *See* Judgment, Doc. No. 79. With only eighteen months spent in custody thus far, Borrero has served a fraction—approximately one-fifth—of the sentence I imposed. Releasing him at this time would therefore, in my view, not reflect the seriousness of the crime, afford adequate deterrence, or protect the public from further crimes.

To be sure, I have no doubt that being incarcerated in the wake of a pandemic is a deeply distressing experience. But because the section 3553(a) factors weigh against a sentence reduction, I will not grant the relief Borrero seeks under section 3582(c)(1)(A). *See United States v. Morales*, 2020 WL 2097630, at *3–*4 (D. Conn. May 1, 2020) (denying compassionate release to a defendant with asthma because "the defendant continue[d] to pose a real danger to the community" and a sentence of time served would not "achieve the goals of sentencing"); *United States v. Miranda*, 2020 WL 2124604, at *4–*5 (D. Conn. May 5, 2020) (denying compassionate release to a defendant with diabetes because of the defendant's "history of threatened violence and the quantity of drugs involved").

### IV.  Conclusion

For the foregoing reasons, Borrero's motion for a sentence reduction (doc. no. 85) is **denied.** The government's motion to seal Borrero's medical records (doc. no. 94) is **granted**.

IT IS SO ORDERED.

Dated at Bridgeport, Connecticut, this 4th day of February 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
